## J. E. BAILEY v. STATE.

No. A-7450. Opinion Filed Aug. 23, 1930.
(290 Pac. 1109.)

Perry J. Morris, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the county court of Ellis county on a charge of having unlawful possession of 15 gallons of whisky, and his punishment fixed by the court

at a fine of $500 and imprisonment in the county jail for a period of six months.

The evidence of the state was that they had a search warrant, and on searching the premises of the defendant found a keg covered up near the garage with a small amount of whisky in it, another keg under the chicken coop with a small amount of whisky in it, and about a quarter of a mile from the house, in a wheat field, they found a keg buried in the ground containing about 15 gallons of whisky; that tracks made with shoes similar to those worn by the defendant led from the defendant's house to the keg.

The state identified the three kegs and they were offered in evidence without objection on the part of the defendant. Defendant did not take the witness stand, but offered evidence of his good character and sought to show that the keg of whisky found on his premises was buried under a wire fence about one-half on his premises and one-half on somebody else's.

On cross-examination the witnesses for the defendant admitted they had heard that he had been arrested in Higgins, Tex., which is about a mile and a half from the place searched by the officers, for violation of the prohibitory liquor laws of Texas. One witness testified that the defendant told him he had been arrested at Higgins for violation of the liquor laws.

Defendant first contends that the evidence is insufficient to support the verdict of the jury. This contention is without merit.

Defendant next contends that the court erred in permitting the sheriff in rebuttal to testify that he had been told that defendant had been arrested in Higgins, Tex., for

violation of the prohibitory liquor laws. The admission of this evidence was improper, but since the defendant had put his character in issue, and since his own witnesses on cross-examination had admitted that he had been arrested in Higgins, for violation of the prohibitory liquor law, the admission of the evidence of the sheriff could not have injured the defendant.

The other errors complained of by defendant being without substantial merit, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.